UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Crim. No. 21-201 (WMW)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PLEA AGREEMENT AND |
| | ) | SENTENCING STIPULATIONS |
| KEVAN JON NELSON, | ) | |
| | ) | |
| Defendant. | ) | |

The parties to this case hereby agree to its resolution on the following terms and conditions. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other government agency. The United States is represented by W. Anders Folk, Acting United States Attorney for the District of Minnesota, and Robert M. Lewis, Assistant United States Attorney. The defendant, KEVAN JON NELSON ("NELSON" or "the defendant" herein), is represented by Gary R. Leistico, Esq.

1.  **Charges.** The defendant agrees to plead guilty to an Information charging him in Count 1 with making a false statement in violation of Title 18, United States Code, Section 1014. The defendant is pleading guilty to this charge because he is guilty of the charge.

2.  **Consent to VTC Appearance.** The defendant understands his right to attend certain proceedings in court, including a change of plea hearing pursuant to Rule 11 and Rule 32 of the Federal Rules of Criminal Procedure,

SCANNED
OCT 1 9 2021
U.S. DISTRICT COURT ST. PAUL

respectively. The defendant has consulted with his counsel and hereby expressly consents to conducting a change of plea hearing by video/telephone conferencing (VTC) if requested by the Court or the government, and he waives his right to appeal the manner in which his plea will be entered under this procedure.

3. **Factual Basis.** The defendant agrees that the following facts are true and correct and would be proven at trial beyond a reasonable doubt:

> The Federal Crop Insurance Corporation (FCIC) is an agency of the United States Department of Agriculture (USDA) whose purpose is to provide insurance for farmers against unavoidable crop losses. The Risk Management Agency (RMA) administers the federal crop insurance program offered through the FCIC. FCIC has entered into reinsurance agreements with private insurance companies under which the government reimburses insurance companies for crop losses claimed by their insured farmers.

> One type of crop insurance available to farmers protects against smaller yields caused by natural disasters or elements such as drought, excessive moisture, or hail. The farmer's production history is used to generate an average yield per acre for her or his farming operation, called the Actual Production History (APH). If the farmer's yield for a season is much lower than their APH due to natural causes, the insurance company will pay the farmer the difference between the average yield price and the actual reported yield. For example, if the APH is 120 bushels of corn per acre, but one year the farmer averages 60 bushels of corn per acre due to allowable causes, the insurance company would pay the farmer the going price of corn on the remaining 60 acres.

> As part of the process for evaluating a potential loss, the insurance company assigns an adjuster to evaluate the claim. The adjuster assesses the claim (*e.g.*, hail damage, drought conditions causing yield loss, grain price fluctuations, or any other specified

cause of loss) and, among other things, may measure grain on hand or review reported grain sales or records. Farmers are required to accurately report all grain production to adjusters and to maintain their production records for a set time period, including harvest logs indicating the dates in which fields were harvested and how much grain comes from each field.

NELSON falsely underreported his harvest yields over multiple growing seasons, for the purpose of receiving crop insurance payments to which he was not lawfully entitled. In 2018 and 2019, NELSON's fraudulent reporting resulted in his receipt of $548,695 in illegitimate crop insurance payments.

On or about November 30, 2018, in the State and District of Minnesota, the defendant,

**KEVAN JON NELSON,**

knowingly and willfully made a false statement and report for the purpose of influencing the action of an insurer reinsured by the Federal Crop Insurance Corporation, specifically, NELSON falsely certified to ARMtech Insurance Services that he was entitled to $117,740 for corn and soybean crops lost to excess moisture in Becker and Clay Counties, Minnesota, all in violation of Title 18, United States Code, Section 1014.

4.   **Waiver of Indictment.**   The defendant agrees to waive indictment for the offense to which he is pleading guilty and to execute a Waiver of Indictment form.

5.   **Statutory Penalties.**   The defendant understands that Count 1 carries the following maximum statutory penalties:

a.   a term of imprisonment of up to thirty (30) years;

b.   a criminal fine of up to $1,000,000.00 or twice the gross gain or loss from the offense, whichever is greater;

3

    c.      a term of supervised release of up to five (5) years;

    d.      mandatory restitution; and

    e.      a special assessment of $100.00, which is due and payable upon sentencing.

5.      **Revocation of Supervised Release.** There is no agreement as to the length or conditions of supervised release that the district court will impose in this case. The defendant understands that, if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the maximums set forth in 18 U.S.C. § 3583.

6.      **Guideline Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551 *et seq*. Nothing in this agreement shall be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The Court will consider the United States Sentencing Guidelines in determining the appropriate sentence, and the parties stipulate as follows:

    a.      The offense level for Count 1 is 19, including a base offense level 7, U.S.S.G. § 2B1.1(a), and a loss between $250,000 and $550,000, which adds 12 levels, U.S.S.G. § 2B1.1(b)(1)(H);

    b.      If defendant (1) testifies truthfully during the change of plea and sentencing hearings, (2) pays the $100 special assessment at or before sentencing, (3) complies with any conditions of pretrial release, (4) cooperates fully during the presentence report,

including any asset investigation, (5) fulfills all obligations in this agreement, and (6) commits no other acts inconsistent with acceptance of responsibility, including but not limited to committing new crimes or misconduct, or denying any relevant conduct or otherwise taking a position in the sentencing process inconsistent with acceptance of responsibility, the government will recommend that defendant receive at sentencing a 3-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a);

c.  If the defendant is given full credit for acceptance of responsibility, the total offense level would be 16.

7.  **Criminal History Category.**   The parties believe that the defendant's Criminal History Category is I.  If the defendant's Criminal History Category as finally computed at the time of sentencing is different than the parties' belief, the parties may not withdraw from the plea agreement, and the defendant will be sentenced using the Court's computation.

8.  **Advisory Guidelines Range and Sentencing Advocacy.**  If the total adjusted offense level is 16 and Criminal History is Category I, the advisory Sentencing Guideline range will be 21-27 months' imprisonment with an advisory fine range of $10,000 to $95,000.  The parties are not bound to request a sentence within the advisory Guidelines and may argue for any sentence available under law.  However, if the defendant complies with this agreement, the United States agrees not to seek a sentence greater than the advisory range calculated by the Court at the time of sentencing.

9.  **Discretion of the Court.**  The Guideline stipulations, although binding on the parties, are not binding on the Court.  The Court has the sole

5

discretion to determine the applicable sentencing factors and the parties understand and agree that, if the Court determines that different sentencing factors or calculations apply to defendant's offense other than those set forth in this agreement, neither party may withdraw from this agreement.

10.   **Restitution.**   The defendant understands and agrees that an order for restitution is mandatory in this case under 18 U.S.C. § 3663 *et seq.*, and he agrees to pay restitution of $548,695 to the Federal Crop Insurance Program and any other victim(s) of his offense as determined by the Court.

11.   **Financial Disclosure.**   The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest which shall include all assets held in defendant's own name or in the name of another including those held by spouse, nominee or other third party, in any property, real or personal. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution, forfeiture and fines ordered by the Court. The defendant agrees to complete a financial statement fully and truthfully within 30 days after the entry of this Plea Agreement. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets. The defendant agrees that, at the discretion of the U.S. Attorney's Office, the defendant will submit to one or more

interviews or depositions under oath regarding financial issues prior to or, if requested by the government, after sentencing but before surrender for service of any custodial sentence.

12.   **Forfeiture.**  The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C. § 2461(c), his interest in any property, real or personal, which constitutes or is derived from proceeds traceable to the offense charged in Count 1 of the Information. The defendant understands that the Court will enter a money judgment forfeiture in the amount of $548,695, and he agrees that his proceeds from the offense charged in Count 1 of the Information are not less than this amount. The United States reserves its right to seek to forfeit any other directly forfeitable property through civil, criminal, or administrative proceedings.

13.   **Debarment/Exclusion.**  The defendant voluntarily agrees to be excluded from eligibility from any federal program administered, authorized by, or funded in whole or in part by the United States Department of Agriculture, including but not limited to the Risk Management Agency, the Federal Crop Insurance Program, and the Farm Service Agency. This includes all entities in which the defendant is an owner, partner, member, or manager or has any beneficial interest.

14.   **Waivers.**  The defendant understands that by pleading guilty he waives his right to a trial or appeal on the question of his guilt or innocence

and his right to bring pretrial motions.  In exchange for the concessions made by the United States in this plea agreement, the defendant hereby waives his right to appeal the sentence in this matter if the sentence is not longer than the advisory Guidelines set forth herein, his right to challenge his conviction or sentence under 28 U.S.C. § 2255 other than a claim of ineffective assistance of counsel, and all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and/or the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.  The defendant has discussed these rights with the defendant's attorney.   The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

15.   **Non-Prosecution Agreement.**  If the defendant fully complies with this agreement, the United States Attorney for the District of Minnesota will not prosecute his sons Jacob Nelson and Ryan Nelson for any offense arising from the facts identified by the United States in its investigation of this matter through the date of the entry of his plea.

16.   **Complete Agreement**.   The foregoing provisions set forth the entire agreement between the parties and no other agreements or promises have been made.

W. ANDERS FOLK
Acting United States Attorney

Dated:   10-19-2021

BY: ROBERT M. LEWIS
Assistant U.S. Attorney

Dated:   Oct 19, 2021

KEVAN JON NELSON
Defendant

Dated:   Oct 19, 2021

GARY R. LEISTICO
Attorney for Defendant